UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
UNITED STATES OF AMERICA,

   -against-   **MEMORANDUM AND ORDER**
                             03-CR-01120 (FB)

VIRGIL RIVERS,

                Defendant.
---------------------------------------------------x

*Appearances:*
| *For the Government:* | *For the Defendant:* |
|---|---|
| LORETTA E. LYNCH, ESQ. | VIRGIL RIVERS, *pro se* |
| United States Attorney | #81378-158 |
| DAVID CAREY WOLL, ESQ. | Unit: DA |
| United States Attorneys Office | P.O. Box 26032 |
| Criminal Division | Beaumont, TX 77720 |
| 271 Cadman Plaza East | |
| Brooklyn, NY 11201 | |

**BLOCK, Senior District Judge:**

Virgil Rivers ("Rivers") moves, *pro se*, to dismiss the indictment upon which he was convicted and sentenced. He argues that, because the first page of the superceding indictment contained an error—by listing the wrong section of the United States Code on the first page, but not the second—the entire indictment was defective and deprived the Court of subject matter jurisdiction.

**I**

An indictment must "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. (7)(c)(1). The rule

is satisfied so long as the indictment "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend." *Hamling v. United States*, 418 U.S. 87, 117 (1974). An error in the citation of law that the defendant is alleged to have violated is not a ground to dismiss an indictment or reverse a conviction "[u]nless the defendant was misled and thereby prejudiced." FED. R. CRIM. P. 7(c)(2).

The most recent Second Circuit authority that addresses this uncommon argument is nearly 40 years old, and holds that, "if an indictment properly charges an offense, it is sufficient, even though an inapposite statute is referred to therein." *United States v. Eucker*, 532 F.2d 249, 257 (2d Cir. 1976); *see also United States v. Calabro*, 467 F.2d 973, 981 (2d Cir. 1972) ("The fact that the wrong section of the statute was cited does not invalidate either the charge . . . if, as here, no prejudice is shown to derive from the miscitation.").

The Seventh Circuit has a less dated opinion that considered a similar issue. In *United States v. Bjorkman*, 270 F.3d 482 (7th Cir. 2001), the court relied on *Neder v. United States*, 527 U.S. 1 (1999), which held that a conviction may be affirmed under harmless-error analysis if an indictment omitted a harmless element of the crime charged. *See Neder*, 527 U.S. at 15. Building on *Neder*, the *Bjorkman* court reasoned that just as "deficiencies that make a [civil] complaint dismissable under FED. R. CIV.

P. 12(b)(6) do not deprive a court of jurisdiction . . . unless the complaint is frivolous, so errors in a non-frivolous indictment do not strip the district court of jurisdiction under [18 U.S.C.] §3231." 270 F.3d at 490. Thus, "district judges *always* have subject-matter jurisdiction based on *any* indictment purporting to charge a violation of federal criminal law." *Id.* (emphasis in original).

Under *Eucker* and *Calabro,* and the persuasive reasoning of *Bjorkman*, the error on page one of Rivers's indictment did not deprive the Court of subject matter jurisdiction. Properly assessed, the non-frivolous indictment contained a typographical error that was corrected on its second page, and it included specific overt acts that Rivers took in furtherance of the conspiracy to commit bank robbery. *See* Mem. & Order, *United States v. Virgil Rivers,* Dkt. No. 245, May 19, 2010. Accordingly, there is no merit to Rivers's claim that he was "misled and thereby prejudiced" by the error. FED. R. CRIM. P. 7(c)(2).

## II

For the reasons stated above, Rivers's motion is **DENIED**.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 30, 2014