```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
UNITED STATES OF AMERICA,

        -against-                            MEMORANDUM AND ORDER
                                             03-CR-01120 (FB)
VIRGIL RIVERS,

                Defendant.
---------------------------------------------------x
```

*Appearances:*
*For the Government:*      *For the Defendant:*
KELLY T. CURRIE, ESQ.      VIRGIL RIVERS, *pro se*
Acting United States Attorney      #81378-158
DAVID CAREY WOLL, ESQ.      Unit: DA
United States Attorneys Office      P.O. Box 26032
271 Cadman Plaza East      Beaumont, TX 77720
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

On June 26, 2014, Virgil Rivers ("Rivers") moved *pro se* to dismiss the indictment on which he was convicted because the first page contained a typographical error. The Court denied his motion on July 30, 2014, after concluding that the error – which was corrected on the second page of the indictment – did not deprive the Court of subject matter jurisdiction over his criminal proceedings. *See United States v. Rivers*, No. 03-CR-01120, 2014 WL 3812194 (E.D.N.Y. July 30, 2014). Rivers now moves for reconsideration of that order under Federal Rules of

Civil Procedure 60(b)(3) and (d)(3) for "fraud upon the court."[1] As proof of fraud, Rivers repeats the same allegations underlying his prior motion, namely that his conviction should be vacated because the indictment contained an error on the first page.

Rivers' motion is meritless. First, a Rule 60 motion must "relate[] to the integrity of [a prior] federal habeas proceeding, not to the integrity of the criminal trial." *Harris v. United States*, 367 F.3d 74, 80 (2d Cir. 2004). Here, Rivers seeks to vacate his conviction for the same reasons previously rejected by the Court. Such relief will not lie under Rule 60. *See Pena v. United States*, 859 F. Supp. 2d 693, 696 (S.D.N.Y. 2012) ("Federal Rule of Civil Procedure 60 may not be used to attack the underlying criminal conviction . . . ."); *Millan v. United States*, No. 09-CV-10014, 2011 WL 5169443, at *4 (S.D.N.Y. Oct. 31, 2011) ("[P]ost-conviction relief under Rule 60(d)(3) is unavailable because [p]etitioners . . . are attacking the integrity of the [criminal] trial, not their prior habeas proceedings.").

Second, even if Rivers *could* collaterally attack his conviction under Rule 60, his claim would nonetheless fail on the merits. To establish entitlement to relief under

---

[1] Rivers styles his request as a "motion in lieu of Fed. R. Civ. P. 60(b)(3) for fraud upon the court." Based on the substance of his arguments, the Court understands the motion to be made pursuant to Rule 60(b)(3), which permits relief from a judgment for "fraud . . . by an opposing party," and Rule (d)(3), which provides that Rule 60 does not limit a court's power to "set aside a judgment for fraud on the court."

Rule 60(b)(3), the moving party must establish by clear and convincing evidence that "(1) the adverse party engaged in fraud, . . . and that (2) such misconduct substantially interfered with the movant's ability to fully and fairly present its case." *Thomas v. City of New York*, 293 F.R.D. 498, 503 (S.D.N.Y. 2013). Rivers has failed to establish that the typographical error in his indictment was anything other than an inadvertent mistake, let alone that the error prevented him from fully and fairly presenting his case. Rule 60(b)(3) is therefore inapposite.

Neither is Rivers entitled to relief for "fraud upon the court" under Rule 60(d)(3). Fraud upon the court "embrace[s] only that species of fraud which . . . defile[s] the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002). Rule 60(d)(3) is therefore "limited to fraud which seriously affects the integrity of the normal process of adjudication." *Id.* A minor typographical error on the first page of an indictment does not rise to that high standard. *See Anderson v. New York*, No. 07-CV-9599, 2012 WL 4513410, at *4 (S.D.N.Y. Oct. 2, 2012) ("The requirements for relief under Rule 60(d)(3) are stringent and narrow.").

Finally, Rivers requests that the Court appoint counsel to assist him with his motion. Because the appointment of counsel is not necessary to adjudicate his motion,

this request is denied.  *See Rodriguez v. U.S.*, 111 F. Supp. 2d 112, 115 (D. Conn. 1999) (denying request for appointment of counsel because petitioner's claims were meritless).

For the reasons stated above, Rivers' motion is denied.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 5, 2015