```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
UNITED STATES OF AMERICA

        -v-                                    MEMORANDUM AND ORDER
                                               Case No. 03-CR-01120 (FB)
VIRGIL RIVERS,

---------------------------------------------------x
```

Appearances:
 *For the Defendant*:       *For the United States of America:*
 Virgil Rivers, Pro se       Seth DuCharme
                U.S. Attorney's Office, E.D.N.Y.
                271 Cadman Plaza East
                Brooklyn, NY 11201
                By:  Craig R. Heeren

**BLOCK, Senior District Judge:**

  Defendant Virgil Rivers moves pro se under the First Step Act, 18 U.S.C. § 3582 ("FSA"), for compassionate release and a reduction in sentence. ECF 318. Rivers is serving a 300-month plus one-day sentence for his role in a 2003 armed bank-robbery, including a 25-year mandatory minimum sentence for unlawful use of a firearm in violation of 18 U.S.C. § 924(c).

  Defendant's motion is denied.[1] The FSA amended 18 U.S.C. § 924(c) to provide that the mandatory 25-year sentence imposed for *successive* 924(c) offenses

---

[1] Defendant's motion also fails for failure to exhaust administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A)(i) (providing a defendant may move for compassionate release under the FSA only "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). Rivers presents no evidence that he exhausted administrative remedies or even requested

1

no longer applied *unless* a defendant had a previous, final 924(c) conviction. Pub. L. 115-391, 132 Stat. 5222, § 403. In other words, after the FSA's enactment, the 25-year mandatory minimum sentence may not be triggered by multiple convictions on § 924(c) counts in the same prosecution. Here, while Defendant submits the Court "mistakenly interpreted Congress intent of 924(c)(1)(C)," ECF 318 at 1, there is no dispute that Defendant was previously convicted on a 924(c) charge in 1994. *See United States v. Rivers*, 50 F.3d 1126, 1127 (2d Cir. 1995) (noting § 924(c) conviction). As such, the FSA's prohibition on "stacking" § 924(c) counts does not bar imposition of the mandatory 25-year term based on Defendant's 2004 conviction under § 924(c).

Nor is release appropriate in light of Defendant's age and health conditions. That Defendant is 72 and suffers from stable, albeit chronic, medical issues is insufficient to constitute "extraordinary and compelling circumstances" for his release. *See, e.g.*, *United States v. Baker*, No. 97-CR-877 (DRH) (E.D.N.Y. Apr. 21, 2020) (ECF No. 346) (denying compassionate release for 81-year-old suffering from heart disease, diabetes, anemia, glaucoma, hypertension, angina, urinary incontinence, and chronic kidney disease).

---

compassionate release from the warden of his facility prior to bringing this motion. *Cf. United States v. Quashie*, No. 14-CR-0376 (BMC), 2019 WL 7194211, at *1 (E.D.N.Y. Dec. 26, 2019) (denying motion on ground that inmate failed to establish "whether he has requested any relief from the warden of his facility or that he has appealed the warden's decision to the Director of the BOP").

For the foregoing reasons, Rivers's motion for compassionate release under the First Step Act is denied without prejudice.

**SO ORDERED**.

     _Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 26, 2020

3