UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
UNITED STATES OF AMERICA,

    -v-

VIRGIL RIVERS,

        Defendant.
----------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 03-CR-01120 (FB)

**BLOCK, Senior District Judge:**

On August 30, 2023, Defendant Virgil Rivers ("Defendant") moved pro se under the First Step Act ("FSA"), 18 U.S.C. § 3582, for a reduction in his sentence. This motion is Defendant's third request for relief under the FSA. For the following reasons, Defendant's motion is denied.

\* \* \*

Defendant is currently serving a sentence for his participation in an armed bank robbery on September 29, 2003. After trial, a jury convicted him of the following charges: (i) armed bank robbery, in violation of 18 U.S.C. § 2113(a) and 2113(d); (ii) conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371; (iii) unlawful use of a firearm, in violation of 18 U.S.C. § 924(c); and (iv) possession of a firearm as a felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). At sentencing, the Court dismissed the conviction for possession of a firearm as a felon pursuant to Rule 29 of the Federal Rules of Criminal Procedure. The Court then sentenced

Defendant to one day for armed bank robbery and conspiracy to commit bank robbery, and a mandatory 25 years for his unlawful use of a firearm. Defendant's anticipated release date is December 31, 2025. He is 75 years old.

Defendant's motion is primarily addressed to the mandatory 25-year sentence on his § 924(c) conviction. Specifically, Defendant argues that his sentence under § 924(c) was excessive in light of the Court's decision to dismiss the count against Defendant under §§ 922(g) and 924(e). While the Court concluded that there was insufficient evidence that Defendant actually or constructively possessed a firearm during the bank robbery, it further concluded that there *was* sufficient evidence to establish liability under *Pinkerton v. United States*, 328 U.S. 640 (1946). The § 924(c) count was charged under a *Pinkerton* theory, but the § 922(g) count was not.

The Second Circuit approved the Court's *Pinkerton* charge and, accordingly, affirmed the § 924(c) conviction. *See United States v. Rivers*, 223 F. App'x 50 (2d Cir. 2007). To the extent Defendant means to challenge the legal basis for his sentence, he must do so by a motion pursuant to 28 U.S.C. § 2255. Because he has already filed such a motion, he must seek permission from the Second Circuit before filing a second one. *See Liriano v. United States*, 95 F.3d 119, 121-22 (2d Cir. 1996) (citing 28 U.S.C. §§ 2244(b)(3), 2255(h)).

Insofar as Defendant requests a reduction of his sentence pursuant to the FSA, he must satisfy three requirements. *See United States v Amuso*, 90-CR-00446, 2023 WL 5153425, at *2 (E.D.N.Y. Aug. 10, 2023) (citing *United States v Birkett*, 90-CR-1063-24, 2023 WL 4274683, at *2 (E.D.N.Y. June 29, 2023)). First, a court must determine whether a defendant has met his or her administrative burden. *Birkett*, 90-CR-1063-24, 2023 WL 4274683, at *2. Next, a court must determine if "extraordinary and compelling reasons" warrant a sentence reduction. *See Amuso*, 90-CR-00446, 2023 WL 5153425, at *3-4; *see also United States v. Roney*, 833 Fed. App'x 850, 852 (2d Cir. 2020) (summary order stating that "what constitutes extraordinary and compelling reasons warranting a reduction is committed to the sound discretion of the district court" (citing *United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020))). And, finally, a court must weigh the § 3553(a) sentencing factors to determine whether a reduced sentence is justified. *Amuso*, 90-CR-00446, 2023 WL 5153425, at *3.

Here, Defendant's request for relief fails at the first hurdle because there is no evidence that he has applied to the warden of his facility for compassionate release. *See Birkett*, 90-CR-1063-24, 2023 WL 4274683, at *2. In any event, Defendant fails to make an adequate showing of extraordinary and compelling circumstances that would support his release. His latest motion does not assert that this situation has

3

changed since 2020, when the Court observed that his "[age and] stable, albeit chronic, medical issues [are] insufficient to constitute extraordinary and compelling circumstances for his release." *United States v. Rivers*, No. 03-CR-01120 (FB), 2020 WL 5043931, at *1 (E.D.N.Y. Aug. 26, 2020) (internal quotation marks omitted); *see also Amuso*, 90-CR-00446, 2023 WL 5153425, at *3.

Moreover, Defendant's sentence, while long, was mandatory. And unlike the sentence in *Birkett*, which was a Guidelines sentence imposed prior to *Booker*, *see* 2023 WL 4274683, at *7, River's sentence was mandated by statute—and still is. Nor does the FSA's change to the "stacking" of simultaneous § 924(c) convictions benefit Rivers, who was subject to a mandatory 25-year sentence because of a *prior* firearms conviction. *See Rivers*, 2023 WL 5043931, at *1. In sum, this case does not implicate a sentence disparity resulting from a non-retroactive change in the law. Rivers would receive exactly the same sentence if convicted today.

Finally, even assuming that the sheer length of the sentence is a relevant consideration, that alone may not constitute sufficient evidence of extraordinary and compelling circumstances that warrant compassionate relief. *Compare United States v. Tran*, 90-CR-1019 (RPK), 2022 WL 7132195, at *5 (E.D.N.Y. Oct. 12, 2022) (finding that defendant had not shown extraordinary and compelling circumstances where they had "not put forward persuasive evidence of

4

rehabilitation, medical need, or other circumstances that could form an extraordinary and compelling basis for a sentencing reduction when viewed in conjunction with the mandatory nature [of his sentence]"), *with Birkett*, 90-CR-1063-24, 2023 WL 4274683, at *4-7 (mandatory sentence, age at the time of crime, rehabilitation, sentencing disparity, and incarceration during covid collectively demonstrated extraordinary and compelling circumstances); *see also United States v Ramsay*, 538 F Supp 3d 407, 424-27 (S.D.N.Y. 2021).  Here, Defendant has made no showing of his rehabilitation, and the 2020 Addendum to his Presentence Report shows that he has a history of regular disciplinary infractions, including fighting with another inmate in 2020.

For the foregoing reasons, Defendant's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582 is denied.

**SO ORDERED.**

                                                   /S/ Frederic Block
                                                  FREDERIC BLOCK
                                                  Senior United States District Judge

Brooklyn, New York
September 14, 2023